Justin C. Frankel (JF-5983)
Jason A. Newfield (JN-5529)
FRANKEL & NEWFIELD, P.C.
585 Stewart Avenue - Suite 301
Garden City, New York 11530
(516) 222-1600

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

| | |
|---|---|
| BERNARD ALLEY, | : |
| | :    07-7056 (RJH) |
| Plaintiff, | :    ECF |
| | : |
| - against - | : |
| | :    **COMPLAINT** |
| METROPOLITAN LIFE INS. CO. | : |
| | : |
| Defendant. | : |

------------------------------------------------------------

Plaintiff, BERNARD ALLEY, by and through his attorneys, FRANKEL & NEWFIELD, P.C., as and for his Complaint against Defendants METROPOLITAN LIFE INS. COMPANY ("Met Life") hereby sets forth the following:

### THE PARTIES

1.    At all times hereinafter mentioned, Plaintiff BERNARD ALLEY, was and still is a resident of the State of Virginia.

2.    Upon information and belief, at all times hereinafter mentioned, Defendant Met Life is a publicly owned life insurance company and a corporation organized and existing under the laws of the State of New York with its principal place of business at One Madison Avenue, New York, New York. Defendant Met Life is therefore a citizen of the State of New York, pursuant to 28 U.S.C. § 1332(c)(1).

## JURISDICTION AND VENUE

3.      Jurisdiction of the Court is based upon 29 U.S.C. §§ 1132(e)(1) and 1132(f), which give the District Courts jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan.  Jurisdiction is also founded on 28 U.S.C. §1331 because this action arises under 29 U.S.C. §1001 et. seq.  (Employee Retirement Income Security Act of 1974, hereinafter "ERISA").

4.      Venue in the Southern District of New York is appropriate because Defendant conducts business and is subject to personal jurisdiction in this judicial district and maintains contacts in this judicial district sufficient to subject it to personal jurisdiction.

5.      Pursuant to 28 U.S.C. §1391(a)(1) and §1391(c), this action is properly venued in the Southern District of New York.

## FACTS

6.      At all times hereinafter mentioned, Plaintiff was an employee of DOMINION and was a participant and/or beneficiary under the LTD Plan.

7.      The LTD Plan is an employee welfare benefit plan specifically covered under ERISA, 29 U.S.C. 1002(2)(A).

8.      At all times material herein, Met Life made and/or participated in making all benefits decisions under the LTD Plan.

9.      During Plaintiff's employment with DOMINION, Defendant Met Life issued a long term group disability income policy (hereinafter the "Policy").

10.     At all times hereinafter mentioned, said disability policy of insurance was issued for the benefit of certain eligible DOMINION employees in exchange for the payment of premiums by DOMINION and/or the employees.

2

11.    At all times mentioned herein, Plaintiff was and is an employee eligible for disability benefits and an insured under the Policy.

12.    Said policy provided, among other things, that disability insurance payments will be made to Plaintiff in the event that he becomes disabled due to accidental injury or sickness.

13.    On or about November 8, 2005, during the period within which said Policy was in full force and effect, and while Plaintiff was an eligible employee, Plaintiff became disabled within the meaning and pursuant to the terms of said Policy.

14.    As of this date, Plaintiff continues to be disabled in that he is unable to perform his occupation, or any occupation for that matter.

15.    Plaintiff's disability is caused by, among other things, post-status/recurrent including his brain tumor, seizures and tinnitus, and psychomotor epilepsy and the cognitive impacts upon his functionality, and the impact of his substantial medication regime upon his functional ability, and the associated restrictions and limitations in functioning that he suffers.

16.    Plaintiff filed a timely claim, cooperated with Defendant Met Life in all respects, provided proper proof of loss in support of his claim, and otherwise compiled with the policy terms and conditions regarding the filing and maintenance of a claim.

17.    Pursuant to the policy, Met Life was obligated to commence the periodic payment of monthly benefits to Plaintiff following the expiration of his elimination period.

18.    Despite Plaintiff's continued total disability, Defendant has denied benefits to Plaintiff and continues to refuse to pay benefits pursuant to the policy, although payment thereof has been duly demanded.

19.    Said refusal on the part of Defendant is a willful and wrongful breach of the policy terms and conditions.

20.     Monthly benefits to Plaintiff are continuing to be due and payable by Defendant with the passage of each month.

21.     Defendant is a conflicted decision maker because it has a financial interest in the outcome of Plaintiff's claim.

22.     Defendant's structural conflict of interest pervaded its handling of Plaintiff's claim, resulting in a number of procedural irregularities in its claim handling, including but not limited to, the failure to perform a medical examination of Plaintiff, the failure to consider the impact of his condition on his ability to perform all of the regular duties of his occupation, the failure to consider the impact of his medications on his ability to perform all of the regular duties of his occupation, the failure to consider the significant physical, mental, emotional and stamina requirements or the duties of his occupation, the refusal to consider Plaintiff's credible subjective complaints on his ability to work, the reliance upon a selective review of medical records to reach a result oriented claim determination, the failure to utilize appropriately qualified medical personnel to reach decisions on levels of impairment, and other biased claim handling issues.

23.     Defendant's claim handling resulted in numerous violations of 29 CFR § 2560.503-1, et seq.

24.     Defendant's claim handling failed to provide Plaintiff with a full and fair review of his claim.

25.     Defendant's claim handling demonstrates a bias against Plaintiff's claim due to its impact on Defendant financial situation and prevented Plaintiff from receiving a full and fair review of his claim.

26.     Plaintiff has attempted to exhaust all administrative appeals and remedies to the extent they exist pursuant to the conditions of the employee benefit plan.

27.     Plaintiff submitted his administrative appeal on May 29, 2007.  Met Life admitted receipt of the appeal on June 5, 2007.

28.     As of the date of the filing of this Complaint, Met Life has failed to render a decision on the appeal.  By operation of law, the appeal is thus deemed denied, and the Plaintiff has exhausted his administrative remedies to the extent that is a requirement.

29.     Defendant willfully failed to comply with ERISA regulations to render a decision within the ERISA guidelines.

30.     Defendant neither articulated in writing the special circumstances requiring the extension or made a determination of the appeal within 45 days from the end of the initial review period.

31.     Based upon Met Life's failure to render a claim decision upon Plaintiff's administrative appeal, Plaintiff is entitled to a *de novo* review of her claim.

32.     By reason of the foregoing claims conduct, Met Life failed, by operation of law, to establish and follow reasonable claims procedures that would yield a decision on the merits of her claim. 29 C.F.R. §2560.503(l).

33.     Because Met Life failed to satisfy the minimum procedural safeguards set forth in 29 C.F.R. §2560.503-1, Met Life's initial Adverse Benefit Determination is not entitled to any judicial deference.

34.     Plaintiff continues to be totally disabled, and monthly benefits are due and owing to him with the passage of each month.

**WHEREFORE**, Plaintiff BERNARD ALLEY prays that he may have a declaratory judgment herein declaring the rights and other legal relations of the parties hereto regarding the matters set forth in this Complaint specifying the following:

a)      Plaintiff is disabled pursuant to the language and within the meaning of the subject policy of insurance issued by Defendant in that he is unable to perform his occupation, as that term is defined in the policy.

b)      Defendant is obligated to pay continuing benefits to Plaintiff pursuant to the policy and shall pay all benefits in arrears due and owing since the denial of benefits, plus interest;

c)      Defendant's obligation to pay benefits to Plaintiff shall continue as long as he remains totally disabled, subject to the applicable benefit period in the policy;

d)      Plaintiff shall be afforded appropriate equitable relief to redress Defendant's violation of the terms of the Policy;

e)      Pursuant to ERISA §502 et. seq., Plaintiff shall be entitled to recoup his attorney's fees, as well as all other costs and disbursements of this action, along with pre-judgment and post-judgment interest;

f)      Plaintiff may return to this Court, upon motion, to seek further declaratory relief in the event that it becomes necessary; and

g)      Such other and further relief as the Court may deem just and proper.

Dated: Garden City, New York
        August 6, 2007

By:     _____/s/ Jason A. Newfield_____
        Justin C. Frankel (JF-5983)
        Jason A. Newfield (JN-5529)
        FRANKEL & NEWFIELD, P.C.
        585 Stewart Avenue - Suite 301
        Garden City, New York 11530
        Attorneys for Plaintiff

X:\Shared\Alley\Final -complaint.wpd